**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL DOCKET NO.: 3:02CV281-V**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | Memorandum and Order |
| ) | |
| **$39,000 IN UNITED STATES** ) | |
| **CURRENCY** ) | |
| _____) | |

**THIS MATTER** is before the Court upon motion of the United States for Judgment On The Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Documents #8, #9)  The sole claimant, Sean Armand Payton ("Payton" or "Claimant"), did not respond to the Government's motion.

### I.  Background & Procedural History

The United States commenced this civil forfeiture action by filing a Complaint For Forfeiture *In Rem* on July 9, 2002.[1]  (Document #1)  The affidavit of Detective Scott Shipman of the Violent Crime Task Force supported the Complaint.  The Complaint seeks forfeiture, pursuant to 18 U.S.C. §981(a)(1) and 21 U.S.C. §881(a)(6), of "all right, title, and interest in the above-captioned property [alleging] it is the proceeds of and / or was used to facilitate drug trafficking and / or money laundering crimes."  (Compl., ¶1)

A warrant for arrest *in rem* issued on July 10, 2002, and was executed by the U.S. Marshal's Service on July 15, 2002.  Execution of the warrant established *in rem* jurisdiction.

---

[1] This civil forfeiture action arises out of a federal criminal prosecution of Payton.

The Government provided notice by publication but did not effect service upon Payton via certified mail until June or July of 2003. (Gvmt.'s Mem. In Supp., at 2 n.1) According to Payton's counsel, counsel received a copy of the Complaint on July 1, 2003.[2] (Ans., ¶3) On July 24, 2003, nearly three weeks later, Claimant filed a document entitled "Answer To Verified Complaint For Forfeiture And Demand For Jury Trial" (or "Verified Answer") contesting the forfeitability of the defendant property. (Document #6) The Verified Answer is the only document that has been submitted by Claimant.

The Government seeks judgment as a matter of law based upon Claimant's purported noncompliance with Supplement Rule (C)(6), namely, failure to file a Verified Claim or Statement and the alleged deficiencies within Claimant's Answer.

## II. Applicable Law

Supplemental Rule (C)(6) governs the standards and requirements that a claimant must satisfy in order to perfect a claim in a federal *in rem* forfeiture action. 18 U.S.C. §983(a)(4)(A). Rule (C)(6) provides that:

> (a) Civil Forfeiture. In an in rem forfeiture action for violation of a federal statute:
>
> (i) a person who asserts an interest in or right against the property that is the subject of the action must file a **verified statement** identifying the interest or right:
>
> (A) within 30 days after the earlier of (1) the date of service of the Government's complaint or (2) completed publication of notice under Rule C(4), or
>
> (B) within the time that the court allows.

---

[2] There is no returned receipt indicating the actual date of service. For purposes of this motion, the Court relies on counsel's representation that service was effected on July 1, 2003.

\*\*\*

> (iii) a person who files a statement of interest in or right against the property must serve and file an **answer** within 20 days after filing the statement.

FED. R. CIV. P. SUPP. R. (C)(6)(a)(*emphasis added*).

Thus, statutory procedure contemplates that a verified statement or claim will be filed independently of an answer. Id.; United States v. 51 Pieces Of Real Property, Roswell, New Mexico, 17 F.3d 1306, 1309 n.3 (10th Cir.1994)("A claimant seeking to make a claim to property subject to an in rem forfeiture action must file a claim within ten days after service is executed and serve an answer within twenty days thereafter.") Indeed, the verified claim has been found to be a prerequisite to filing an answer by some courts. United States v. Fourteen (14) Handguns, 524 F.Supp. 395, 397 (S.D.Tex. 1981)("The filing of a claim is a prerequisite to the right to file an answer and defend on the merits.");

### III. Legal Analysis

The Government contends in its memorandum that to not require strict compliance with the Verified Statement or Claim requirement of Rule (C)(6) would be tantamount to ignoring the procedural requirements. *See, generally* United States v. Premises Known As Lots 14, 15, 16, 19, 47, and 48, 682 F.Supp. 288 (E.D.N.C. 1987). Indeed, the weight of authority supports the Government's contention.[3] 2 Am. Jur. 2d Admiralty §179 (2005)("Generally, a district court does not abuse its discretion in dismissing claims where the claimants fail to file any claim or answer within the time prescribed and fail to advance

---

[3] There is little published authority in this circuit. Unpublished authority indicates that the Fourth Circuit would likely follow this strict approach. Torres v. $6,618.00 U.S. Currency, 854 F.2d 1318, 1988 WL 83331 (4th Cir.)(*unpublished*)(no standing to contest forfeiture until procedural requirements of Rule C(6) are met).

any reason that would warrant relief of the consequences of their own inaction."); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE §3223 (2nd ed. 2005). Nonetheless, there is persuasive authority explaining that, in certain circumstances, a Court has discretion to depart from the strict compliance standard. United States v. Funds From Prudential Sec., *et al.*, 300 F.Supp.2d 99 (D.D.C. 2004). The Court must consider whether any departure from the strict requirements is warranted on these facts.

### A. Even If Claimant's Verified Answer Is Construed As A Verified Statement Pursuant To FED. R. CIV. P. SUPP. R. (C)(6)(a), The Filing Is Untimely

Here, Claimant's Answer is verified or sworn under oath. In addition, Payton indirectly states an interest, albeit vague, in the defendant property.[4] Arguably, Payton's showing is sufficient to allow the Court to construe the document as a Verified Statement or Claim contemplated by the statute. *See generally*, United States v. One Dairy Farm, 918 F.2d 310, 312-313 (1st Cir.1990)(discussing circuit precedent[5] holding that "where the claimant timely filed a *verified* answer containing all the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing.")

However, even if the Verified Answer is construed as such, Payton's filing is untimely. Accepting counsel's representation that service was effected on July 1, 2003,

---

[4] The Complaint alleges in Paragraph Seven that "[u]pon information and belief, [Claimant] may have or claim an interest in the defendant property." (Compl., ¶7) Defendant's Answer admits this allegation but fails to explain the nature of any ownership interest. (Answer, ¶9)

[5] United States v. One Urban Lot Located at 1 Street A-1, 885 F.2d 994, 999 (1st Cir.1989).

4

Payton had only ten (10) days, or through July 16, 2003, to submit his Verified Statement.[6] Payton's filing was not submitted until July 24, 2003. Payton never sought additional time from the Court in order to perfect his claim.

**B. Claimant Demonstrates A Sufficient Interest In The Defendant Property For Purposes Of Standing Analysis**

"When a claim of ownership, unsupported by other evidence of ownership, is coupled with the government's allegations of the claimant's involvement with the seized *res*, the claim is sufficient to establish standing." 37 C.J.S. Forfeitures §18 (*citing* U.S. v. Forfeiture, Stop Six Center, Located at 3340 Stallcup, Fort Worth, Texas, 794 F.Supp. 626 (N.D.Tex.1992); Prudential, 300 F.Supp. at 106. Still, other courts require some evidence of an ownership interest in order to establish standing. Prudential, 300 F.Supp. at 107. In that instance, it is proper to consider "dominion and control, such as possession, title, [and] financial stake as evidence of an ownership interest." Id.

In this case, the Court finds Payton has demonstrated a sufficient interest in the property under either test. Payton's stated interest in the defendant property is merely his admission that he "may have or claim an interest in the defendant property." (Compl., ¶7; Ans., ¶9) Yet, the fact that Defendant does not specify how his ownership interest allegedly arose does not necessarily defeat his claim at this stage. Prudential, 300 F.Supp. at 106 (*citing* United States v. $40,000 in U.S. Currency, 763 F.Supp. 1423, 1427 (S.D.Ohio 1991)(how or when a claimant's interest began becomes important in forfeiture proceeding, but need not be included in the claim)). This is particularly true where the

---

[6] The undersigned calculates the ten (10) day time period consistent with Rule 6 of the Federal Rules of Civil Procedure (excluding the date of service (July 1, 2003), weekends, and legal holiday (July 4, 2003)).

5

supporting affidavit submitted by the Government relies on evidence tending to show that Payton possessed the monies at issue. As discovered by law enforcement, the defendant property was discovered within a safe in a storage facility unit the Claimant had rented in his own name. (Shipman Aff., at 1-2.) Payton appears to have had dominion and control over the contents of the storage unit and, therefore, constructive possession of its contents.

### C. Claimant Does Not Possess Standing Pursuant To Fed. R. Civ. P. Supp. R. (C)(6)(a) & 18 U.S.C. §983(a)(4)(A) To Contest Forfeiture

In order to have standing to contest forfeiture proceedings, the claimant must have a sufficient interest in the property sought to be forfeited and must have complied with the applicable claim filing requirements. Prudential, 300 F.Supp.2d at 103 (*internal citations omitted*); 37 C.J.S. Forfeitures § 18 (2005). However, as already discussed, because Claimant has not complied with the procedural requirements of Supplemental Rule C(6), Claimant lacks *statutory* standing to contest forfeiture by the Government.

Moreover, Claimant does not set forth any alleged mitigating circumstances that might warrant relaxation of the strict procedural requirements in that Payton is represented by competent counsel and did not submit any written opposition to the instant motion. United States v. One Parcel of Property Located At Tracts 10 And 11 Of Lakeview Heights, 51 F.3d 117 (8th Cir.1995)(procedural default by filing untimely claim in proceeding for drug-related forfeiture not excused by erroneous advice from attorney). For all of these reasons, the Government's Motion For Judgment On The Pleadings will be granted.

## IV. Order

**IT IS HEREBY ORDERED** that the Government's Motion For Judgment On The Pleadings is **GRANTED**.

**Signed: October 24, 2005**

Richard L. Voorhees
United States District Judge