IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02 CV 281

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>$39,000 U.S. Currency,<br><br>      Defendant. | ORDER |

**THIS MATTER** is before the Court on Claimant Sean Armand Payton's ("Claimant") Motion to Vacate or Reconsider Judgment on the Pleadings, (file doc. 12), filed on November 2, 2005. On November 21, 2005, the Government filed a Response to Motion to Vacate or Reconsider, (file doc. 14). And, the Claimant replied to the Government's Response on December 9, 2005, (file doc. 15). Accordingly, the Motion is ripe for disposition. For the reasons stated below, this Court will grant the Claimant's Motion to Vacate or Reconsider Judgment on the Pleadings.

### I.     PROCEDURAL AND FACTUAL HISTORY

The property at issue here was seized in connection with the federal criminal prosecution of Claimant. Prior to the filing of this action, the Claimant, on April 8, 2002, filed a claim with the Forfeiture Counsel of the Drug Enforcement Agency ("DEA"). (Claimant's Mot. ¶ 1.) Claimant was then told that his claim was referred to the United States Attorney for the Western District of North Carolina. (Claimant's Mot. ¶ 8.) Then, on July 6, 2002, the Government filed its Complaint in this matter. The Government seeks forfeiture of the property in this action "because it is the proceeds of and/or was used to facilitate drug trafficking and/or money

laundering crimes." (Compl. ¶ 1.)

The Government then filed its Public Notice of Action and Seizure of Property, on July 9, 2002. However, the Government did not give Claimant direct notice of the action until almost a year later, on July 1, 2003. (Claimant's Mot. ¶ 4.) Claimant then filed a Verified Answer on July 24, 2003. As the Court noted in its Order granting Judgment on the Pleadings, Claimant's Verified Answer was untimely. (Oct. 24, 2005 Order, at 4-5.) The Answer should have been filed by July 16, 2003. Claimant asserts that this late filing should be excused because of his "good faith attempt to file on time and detrimental reliance on government misinformation." (Claimant's Mot. ¶ 8.) The Government misinformation is described as the statement that the claim was being referred to the Western District. (Claimant's Mot. ¶ 8.)

The next major event, for purposes of this Order, is the Government's filing of a Motion for Judgment on the Pleadings, accompanied by a memorandum of law on October 26, 2004. Claimant never responded to this Motion, and on October 24, 2005, this Court entered an Order granting the Government's Motion for Judgment on the Pleadings. It is from this Order that Claimant seeks relief.

II.  ANALYSIS

Claimant seeks to prove that the $39,000.00 seized in connection with his criminal prosecution was completely unrelated to the criminal activity. In order to do so, he must follow the correct legal procedures. The relevant statute states that "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims." 18 U.S.C. § 983(a)(4)(A). Supplemental Rule C(6)(a)(i) requires a claimant to file a "verified

statement identifying the interest or right" in the contested property.

It is precisely this rule of law that caused the Government to file its Motion for Judgment on the Pleadings, asserting that Claimant had not followed the necessary procedures and that judgment should be awarded to the Government. Claimant did not respond to this Motion, but seeks to do so now by showing this Court that his failure to respond should be excused because of "mistake, inadvertence, surprise, or excusable neglect." (Claimant's Mot. ¶ 6; Fed. R. Civ. P. 60(b).)

The Government argues that it is unclear whether Claimant must meet the standard in Rule 60(b) or Rule 55(c), which allows an entry of default to be set aside "for good cause shown." However, the Government states that Defendant cannot meet either standard because he has not presented a "meritorious defense." The Court finds that Rule 60(b)(1) is the correct standard as the Order in question was not an entry of default, but was rather, a final judgment against Claimant. *See United States v. $23,000*, 356 F.3d 157, 165 (1st Cir. 2004). However, even with the Rule 60(b) standard in mind, the Court's conclusion would be the same under the Rule 55(c) standard of "good cause shown."

Claimant is forthcoming in his explanation of why the Response was not filed. Quite simply, it was through attorney error. In an affidavit from Claimant's attorney, the attorney states that he relied on two different paralegals to complete the Response. (Butler Aff. ¶¶ 8-11.) However, the first paralegal who had successfully completed such work in the past simply never completed the assignment. (Butler Aff. ¶¶ 8-10.) Upon realizing this, the attorney sought the help of a second paralegal who became incapacitated and was unable to complete the assignment. (Butler Aff. ¶¶ 10-11.) After the confusion, the matter simply never ended up back on the

3

attorney's calendar for the Response to be completed. (Butler Aff. ¶ 12.) The attorney stated that his failure to respond was a "total embarrassment" and that steps had been taken to "insure that this type of error will not occur again." (Butler Aff. ¶ 13.)

"Rule 60(b) motions are addressed to the sound discretion of the district court." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988) (internal citations omitted). In order to succeed on his Rule 60(b) motion, Claimant must show that he acted swiftly to correct the error once it was realized, a lack of prejudice to the Government, a meritorious defense, and mistake, inadvertence, surprise, or excusable neglect. *Id.* at 811-12. Looking first to the swiftness of Claimant's actions to correct the mistake, this Court filed its Order on October 24, 2005 and Claimant filed his Motion to Vacate nine days later, on November 2, 2005. The Court concludes that this more than meets the requirement that Claimant act swiftly.

Next, the Court will examine whether mistake, inadvertence, surprise, or excusable neglect exists on these facts. The Fourth Circuit has drawn a line "between the fault of counsel and the fault of a party personally, [stating] that justice . . . demands that a blameless party not be disadvantaged by the errors or neglect of his attorney." *Augusta Fiberglass*, 843 F.2d at 811 (internal citations and quotations omitted); *see also Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (stating that the "plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct"). After reviewing the affidavit of Claimant's attorney, it is clear that the failure to respond was the fault of his attorney. As such, this Court finds excusable neglect on these facts.

Further, the Court finds that this delay in the proceedings will not prejudice the

Government.  After filing the Complaint, the Government waited a year to serve the Claimant.  Then, after the Claimant's answer, the Government let over a year pass with no action in the case before filing its Motion for Judgment on the Pleadings.  After the significant time that the Government allowed to pass with little or no action in the case, it cannot now complain to be prejudiced by a few more months to allow this case to be determined on the merits with all the relevant facts before the Court.  With this factor, the Court is especially mindful that resolution of a case on the merits is favored in the judicial system.

Finally, the Court will look to whether a meritorious defense has been presented.  "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party." *Augusta Fiberglass*, 843 F.2d at 812.  The Court must determine whether there is "*some* possibility" that the outcome after full proceedings would be different than the outcome reached by the Judgment on the Pleadings.  *Id.* (emphasis added).  Looking first at the fact that Claimant filed an untimely Verified Answer, Claimant has asserted that he made a "good faith attempt to file on time" and that he detrimentally relied on government misinformation. (Claimant's Mot. ¶ 8.)  While the Court does not have enough information before it to make a final determination regarding whether there was a good faith attempt to file on time and whether there was plausible government misinformation, Claimant has convinced the Court that there is *some* possibility that he could succeed on these arguments. *See United States v. One Dairy Farm*, 918 F.2d 310, 312 (1st Cir. 1990) (stating that some courts have excused late filings in the civil forfeiture context "because either a claimant in good faith had attempted to file a claim on time, . . . or had relied detrimentally on misinformation from a governmental agency").  There is also the fact that Claimant initially filed a claim with the DEA

5

on April 8, 2002, before this action was even filed. (Claimant's Mot. ¶ 1.) While this fact may have no significance on the final outcome, it does again raise *some* possibility of success on the merits.

There is also the issue that Claimant has filed a Verified Answer in this matter, but no Verified Claim as required by Supplemental Rule C(6)(a)(i). Rule C(6) requires a claimant to file a claim verified by oath or solemn affirmation which states a claimant's interest in the property. However, "numerous courts interpret pleadings and procedural practices under the Supplemental Rules liberally enough to allow for an appropriate degree of discretion in cases where the underlying goals of Rule C(6) are not frustrated to ensure that courts decide controversies on the merits. *See United States v. Funds from Prudential Securities*, 300 F. Supp. 2d 99, 104 (D.D.C. 2004) (internal quotations and citations omitted).[1] The Court is not prepared at this stage to accept Claimant's Verified Answer as his Verified Claim, but it is satisfied that there is *some* possibility that success will be had on this argument.

However, the Court's disposition of this Motion is not to be perceived as a statement on the strength of Claimant's interest in the property. To the contrary, the Court notes that the Government has already pointed out several weaknesses in Claimant's position. These are issues which will necessarily need to be brought before the Court in greater detail before a thoughtful resolution of this matter will be had. Although it is clear that Claimant is fighting an uphill battle, he will at least be allowed to rejoin the fight. Accordingly, this Court will grant

---

[1] However, many courts have required strict adherence to Supplemental Rule C(6)(a)(i). *See, e.g., One Dairy Farm*, 918 F.2d at 312. There is little published authority in this Circuit. Unpublished authority indicates that the Fourth Circuit would likely follow the strict approach. *See Torres v. $6,618*, 854 F.2d 1318, 1988 WL 83331 (4th Cir.) (finding no standing to contest forfeiture until procedural requirements of Rule C(6) are met).

Claimant's Motion to Vacate the Order granting Judgment on the Pleadings. It has become increasingly clear to the Court that there are additional facts which must be ascertained prior to a final ruling in this matter.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Claimant Sean Armand Payton's Motion to Vacate or Reconsider Judgment on the Pleadings, (file doc. 12), is hereby **GRANTED**. The Clerk of Court is directed to vacate this Court's October 24, 2005 Order, (file doc. 11). Furthermore, Claimant is instructed to **FILE** his **RESPONSE** to the Government's Motion for Judgment on the Pleadings within **TEN** days of the date of this Order.

Signed: May 24, 2006

Richard L. Voorhees
Chief United States District Judge